May 20, 1907.

———o———

No. 4221.

(Court of Appeal, Parish of Orleans.)

NORVELLE-SHAPLEIGH HARDWARE COMPANY vs. HIGGINS & STOUTZ.

1. The corporate capacity of plaintiff having been called in

question, it was incumbent upon it to establish, by the production of its act of incorporation or other evidence, its status as alleged in the petition, and it was error to over-rule the exception plead to capacity when the record does not disclose that proof of this fact was administered at the trial.

2. Appellate Courts are constrained to ignore agreements of counsel not in writing and made part of the record, and must confine themselves to, and determine the issues, on the face of the record.

3. We are without authority to permit the filing in the lower Court, nunc pro tunc, of the evidence, the filing of which was omitted on the trial below, but such proof being at hand, the ends of justice will be best subserved by remanding the case to allow evidence of the corporate character of the plaintiff to be administered.

Appeal from Civil District Court, Diivsion "C."

J. Zach. Spearing, for Plaintiff and Appellee.

R. E. Foster & F. R. Richardson, for Defendant and Appellant

ESTOPINAL, J. Plaintiff, alleging itself to be a corporation organized and incorporated under and by virtue of the laws of the State of Missouri, with its domicile in the City of St.· Louis, in that State, sued the defendants to recover a balance on an open account. Defendants came into Court below by way of exception, and plead to the corporate capacity of plaintiff to sue as such. It was incumbent upon plaintiff to make the proper showing towards establishing its status as alleged in its petition, but the record is barren of any proof on this point. Counsel for appellee, at the bar of this Court produces a note of evidence showing that the certificate of the Secretary of State of the State of Missouri, certifying that the plaintiff is a corporation duly organized and doing business in the State of Missouri, was duly offered in evidence.

Neither the *certificate* nor the *note of evidence was, however, filed* in the lower Court, but the appellee moves in this Court to permit him to file the same in the lower Court *nunc pro tunc,* an dthen to bring the same up here as a partof the record in this case.

Our attention is directed by appellee to decisions reported in

the 46 A. page 1193, and 47 A. page 346, as well as to the case of Ross vs. Augustin, decided by this Court. Our examination of these authorities satisfies us that they have no application to the case at bar.       —

No offer to file was made in the lower Court, and no appilcation for *certiorari* to complete the record  having been made within the legal delay, we are without authority to allow the production of this evidence at this time.    Had these steps been taken, then, and in that case, the decisions cited would apply. The Court accepts the statement of counsel for appellee, and appreciates that the p roof as offered and made below, evidenced simply by the note of evidence already referred to, was pursuant to what counsel deemed to be an understanding between himself and the then counsel for the defendants, and that the exceptions filed by that counsel, were, by reason of said understanding, entirely disposed of and eliminated from the case.    Present counsel, however, (new counsel for defendant), presses this appeal and urges that the overruling of the exception in the absence of any proof in the record establishing the corporate character of plaintiff was error.

This Court finds itself constrained, in passing upon the issue, to confine itself to that which is disclosed by the record, and not upon what counsel apprehended had been agreed to between them, particularly, when said agreement is not in writing  and made part of the record.

In view of the misapprehension of counsel for plaintiff, whose good faith in the matter is unquestioned, and in view of the fact that the plaintiff is manifestly a corporation, and that proof of that fact is at hand, the ends of justice will be best subserved by remanding the case to allow evidence of the corporate character of the plaintiff to be administered.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be hereby avoided, reversed and set aside, and the cause is now remanded for the purpose of receiving evidence as to the corporate character of the plaintiff, with permission to the parties at their option to use all the evidence already introduced and received on the merits of the case, without the necessity of reintroducing same, the costs of this appeal to be taxed against plaintiff, and those of the District Court to

await the final determination of the suit.

May 20, 1907.

Rehearing refused June 17, 1907.